**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC, ) <br> ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MERCY HEALTH, MERCY ACO ) <br> CLINICAL SERVICES, INC., d/b/a ) <br> MERCY VIRTUAL, LLC, and ) <br> MYIA LABS, INC., d/b/a MYIA HEALTH, ) <br> ) <br> Defendants. ) | Case No. 4:21-CV-01279-SEP |

**DEFENDANT MYIA LABS, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Myia Labs, Inc. ("Myia") hereby moves the Court to dismiss, pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure, Plaintiff LifeScience Technologies, LLC's ("LST") Complaint in its entirety as to Myia for improper service of process, in violation of Myia's due process rights. In the alternative, Myia moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss LST's claims against Myia as preempted by the Missouri Uniform Trade Secrets Act and for failure to state a claim.[1]

LST alleges that three Mercy-LST contracts "are the subject of this lawsuit." Compl. n.1. LST attaches these contracts under seal as exhibits to the Complaint; selectively quotes, paraphrases, and references these contracts in at least 20 different paragraphs of the Complaint; and alleges that Myia tortiously interfered with these contracts. Yet, despite multiple requests and an unequivocal local rule mandating service of these sealed exhibits, LST refuses to provide them to

---

[1] Because Count 1 for breach of contract is not asserted against Myia, Myia does not address that claim in this Motion or the accompanying memorandum in support.

1

Myia or its counsel, materially prejudicing Myia's ability to defend itself. Because the sealed exhibits to LST's Complaint are "part of the pleading for all purposes" under Federal Rule of Civil Procedure 10(c), LST's refusal to serve Myia with the sealed Complaint exhibits violates Myia's due process rights and deprives the Court of jurisdiction over Myia. Therefore, dismissal of the Complaint for improper service under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) is required.

In addition, as explained in the memorandum in support of this Motion, filed herewith, and in Mercy's motion to dismiss and memorandum in support, which Myia incorporates by reference, LST fails to state a claim upon which relief may be granted, and its tort claims are preempted under the Missouri Uniform Trade Secrets Act ("MUTSA").  Dismissal is therefore also warranted under Federal Rule of Civil Procedure 12(b)(6).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 22, 2021 | By: */s/ Michelle D. Nasser*  <br>Michelle D. Nasser # 68952 MO <br>Jeffrey R. Hoops # 69813 MO <br>**DOWD BENNETT LLP** <br>7733 Forsyth Blvd., Suite 1900 <br>St. Louis, Missouri 63105 <br>Telephone: 314-889-7300 <br>Facsimile: 314-863-2111 <br>mnasser@dowdbennett.com <br>jhoops@dowdbennett.com <br><br>Rajiv Dharnidharka (*pro hac vice*) <br>**DLA PIPER LLP** <br>2000 University Avenue <br>East Palo Alto, California 94303 <br>Telephone: 650-833-2322 <br>Facsimile: 650-687-9322 <br>rajiv.dharnidharka@dlapiper.com <br><br>*Attorneys for Defendant Myia Labs, Inc.* |

2

## CERTIFICATE OF SERVICE

     I hereby certify that on December 22, 2021, the foregoing was filed electronically using the CM/ECF system which will automatically provide notice to all attorneys of record by electronic means.

                                            */s/ Michelle D. Nasser*