**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>MERCY HEALTH, MERCY ACO )<br>CLINICAL SERVICES, INC., d/b/a )<br>MERCY VIRTUAL, LLC, and )<br>MYIA LABS, INC., d/b/a MYIA HEALTH, )<br>)<br>Defendants. ) | Case No. 4:21-CV-01279-SEP |

**DEFENDANT MYIA LABS, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER
DIRECTING THE PARTIES TO CONFER PURSUANT TO RULE 26**

**Introduction**

Plaintiff LifeScience Technologies, LLC's ("LST") insistence on entering into a discovery plan pursuant to Rule 26(f) before the Court issues an Order Setting Rule 16 Conference, while Defendants' motions to dismiss are still pending, is based on a misapprehension of the Federal Rules, is contrary to this District's Local Rules and the customary practice in this District, and would result in inefficiencies and fundamental unfairness to Myia.[1]

LST's motion is, in essence, a motion to compel this Court to issue an order prematurely setting a Rule 16 conference now.[2] Under local rules and practice, courts in this District typically

---

[1] Myia incorporates and adopts by reference the arguments set forth in Defendants Mercy Health and Mercy ACO Clinical Services, Inc.'s Memorandum in Opposition to the Motion ("Mercy Opposition") (ECF No. 46). *See, e.g.*, *Buchanan v. Magellan Health, Inc.*, 2018 WL 4932533, at *2 (E.D. Mo. Oct. 11, 2018) (allowing adoption by reference of codefendant's arguments).

[2] LST's motion even goes so far as to ask this Court to require Defendants to participate in a Rule 26(f) conference "not later than January 26, 2022," which is the date Defendants' responses to the motion are due under Local Rule 4.01(B). LST provides no basis for an expedited briefing

1

issue Rule 16 orders after ruling on motions to dismiss. And it is the Court's Rule 16 order that dictates the deadline of a Rule 26(f) conference.

LST's motion to compel this Court to initiate a Rule 26(f) conference for a discovery plan also is a transparent effort—contrary to all procedural rules—to obtain an early preview to discovery so that it may file an amended complaint to cure the obvious deficiencies in its Complaint. It bears repeating that, despite multiple requests and an unequivocal local rule mandating service of the sealed exhibits to the Complaint, LST refuses to provide Myia the three Mercy-LST contracts (the "Mutual NDA, SaaS Agreement, and PMSA") attached as sealed exhibits to the Complaint.[3] *See* E.D. Mo. L.R. 2.12(B). LST's refusal to serve Myia with the sealed Complaint exhibits constitutes improper service, violates Myia's due process rights, deprives the Court of jurisdiction over Myia, and mandates dismissal. *See* Fed. R. Civ. P. 10(c), 12(b)(4), 12(b)(5).[4] Granting LST's motion to require Myia to prematurely participate in a Rule 26(f) conference for a discovery plan would result in fundamental unfairness to Myia, which would be required to issue discovery requests blindly and defend itself in a case where a claim has not been stated and Myia has not been properly served with the exhibited contracts that "are the subject of this lawsuit." Compl. n.1. The pending motions to dismiss describe good cause for the Court to delay issuing a Rule 16 Scheduling Order. Fed. R. Civ. P. 16(b)(2).

In short, it is premature, inefficient, and contrary to the rules to attempt to enter into a joint

---

schedule, and it thus seeks to preempt Defendants from even responding to its motion.

[3] In addition, LST still has not provided Myia's counsel the sealed memorandum in support of LST's motion to seal the exhibits to the Complaint, as is unambiguously required by Local Rule 2.12(B), despite Myia's counsel's request. ECF No. 38-3 at 5-6.

[4] Myia incorporates by reference its Memorandum in Support of Motion to Dismiss ("Myia's Motion to Dismiss") (ECF No. 38).

2

proposed case management order while motions to dismiss are being briefed and decided. Further, it is inappropriate to engage in discovery until the threshold issues of proper service, due process, and jurisdiction are resolved as to Myia. *See* ECF No. 43-1 at 2-4. Therefore, LST's Motion for Order Directing the Parties to Confer Pursuant to Rule 26 ("Motion") should be denied.

## Argument

**I.  LST's Attempt to Force Defendants to Confer Pursuant to Rule 26(f) is Contrary to the Federal Rules, the Local Rules, and Customary Practice in this District.**

In addition to ignoring Local Rule 2.12(B) regarding service of sealed pleadings, LST now ignores Local Rule 5.03, which provides:

> Scheduling conferences pursuant to Fed.R.Civ.P. 16(a) will be held in cases assigned to Tracks 2 and 3. . . . *The Court will inform counsel of their obligation to participate in conference by issuing an Order Setting Rule 16 Scheduling Conference.*

E.D. Mo. L.R. 5.03 (emphasis supplied). *See also* E.D. Mo. L.R. 5.01 (explaining the five "Case Management Tracks"); E.D. Mo. L.R. 5.02 ("Except cases assigned to Track 4 or Track 5, every party in a civil case shall indicate its track preference in a joint scheduling plan *filed as directed by a judge prior to the Rule 16 conference*.") (emphasis supplied).

In turn, the Federal Rules explain that it is the Rule 16 conference that dictates the timing of the Rule 26(f) discovery plan conference. *See* Fed. R. Civ. P. 26(f)(1) ("Conference Timing. Except . . *when the court orders otherwise*, the parties must confer as soon as practicable—and in any event *at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)*.") (emphasis supplied).

Thus, as explained more fully in the Mercy Opposition, LST's attempt to force Defendants to confer pursuant to Federal Rule of Civil Procedure 26(f) while Defendants' motions to dismiss are still pending, and before the Court has issued its Order Setting Rule 16 Conference, is not

3

supported by the Federal Rules, the Local Rules, or typical custom and practice in this District. Because this action will be assigned to either Track 2 or 3, *see* E.D. Mo. L.R. 5.01, LST's attempt to force Defendants to confer under Rule 26(f) before the Court issues an Order Setting Rule 16 Conference is indisputably premature and unsupported by any on-point authority.[5] *See* ECF No. 46 at 6-7 (Mercy Opposition distinguishing cases cited by LST and citing cases in which courts in this District set a Rule 16 scheduling conference only after ruling on motions to dismiss).[6]

LST's counsel admits that it is the typical practice in this District for parties to confer under Rule 26(f) only after the Court issues an Order Setting Rule 16 Conference. ECF No. 43-1 at 3. LST provides no valid explanation for why it seeks to deviate from this typical practice in this case. It is not a stretch, however, to imagine that LST seeks to launch broad-based discovery as soon as possible to attempt to shore up and backfill the deficiencies in its claims, as detailed in Defendants' motions to dismiss. Such a fishing expedition should not be permitted, especially as to Myia, which has not even been properly served in this action.

---

[5] Further, as set forth in the Mercy Opposition, ECF No. 46 at 3-4 & Ex. A thereto, the typical Order Setting Rule 16 Conference issued in cases in this District vitiates LST's argument that Defendants should be required to confer pursuant to Rule 26(f) before such an order is issued, as these orders require the parties to discuss, *inter alia*, "other topics listed below or in Fed. R. Civ. P. 16 and 26(f)." *See also* Ex. 1 (Order Setting Rule 16 Telephone Conference, ECF No. 5, *Brown v. Standard Ins. Co.*, No. 4:20-CV-00030-SEP (E.D. Mo. Mar. 24, 2020)).

[6] *See Johnson v. Clark*, 2021 WL 1546272, at *1 (E.D. Mo. Apr. 20, 2021); *Futrell v. Lowe's*, 2021 WL 4593367, at *1-2 (E.D. Mo. Oct. 6, 2021); *U.S. Bank Nat. Ass'n v. Parker*, 2010 WL 559135, at *1 (E.D. Mo. Feb. 10, 2010); *Manalansan v. U.S. Dep't of Educ.*, 2020 WL 7682363, at *1 (E.D. Mo. Apr. 29, 2020); *Krumm v. Kittrich Corp.*, 2019 WL 6876059, at *8 (E.D. Mo. Dec. 17, 2019); *JR14, LLC v. Jetcorp Tech. Servs., Inc.*, 2017 WL 3720075, at *2 (E.D. Mo. Aug. 29, 2017); *Bridgeton Landfill, LLC v. Missouri Asphalt Prods., LLC*, 2021 WL 243562, at *2 (E.D. Mo. Jan. 25, 2021); *St. Louis Heart Ctr., Inc. v. Caremark, L.L.C.*, 2013 WL 9988795, at *4 (E.D. Mo. Apr. 19, 2013).

## II. Requiring Myia to Participate in a Rule 26(f) Conference and Engage in Discovery is Premature Because LST Has Failed to Properly Serve Myia.

As set forth in Myia's Motion to Dismiss, ECF No. 38 at 3-5, LST's Complaint should be dismissed as to Myia because LST failed to serve Myia with the three Mercy-LST contracts that are at the heart of this dispute and that LST attached to its Complaint. As LST concedes in its Complaint, these sealed exhibits "are the subject of this lawsuit." Compl. n.1. LST alleges Myia tortiously interfered with these very contracts by purportedly inducing Mercy to allow Myia access to unspecified information within Mercy's platform with LST, in alleged violation of certain provisions of the Mercy-LST contracts. Compl. ¶¶ 197-202.

Yet, Myia **has never seen these contracts**, despite repeated requests that they be provided, even with commercially sensitive terms redacted. *See* ECF No. 38-2 at 9, 18; ECF No. 38-3 at 3, 5. Without these contracts, Myia is unable to meaningfully defend itself against LST's allegations. It would be manifestly unfair to require Myia to engage in a Rule 26(f) conference and begin discovery when it does not even know the terms of the contracts with which it allegedly tortiously interfered. Myia would be litigating in the dark, blindly engaging in discovery while lacking critical information that it needs to formulate discovery requests, prepare discovery responses, and prepare for, take, and defend depositions.

Indeed, not only is Myia entitled to see these contracts prior to conferring under Rule 26(f) and engaging in discovery as a matter of basic fairness, but it is entitled to proper service before being required to engage further in this action as a matter of law as well. As detailed in Myia's Motion to Dismiss, ECF No. 38 at 3-5, "[s]ince Rule 10(c) makes exhibits to a pleading a part of it for all purposes, the defendant also must be provided with copies of all exhibits to the plaintiff's complaint." 4A Wright & Miller, *Federal Practice and Procedure* § 1093 n.3 (4th ed.). Because LST has refused to serve Myia with the sealed exhibits to the Complaint, service is insufficient. *See*

*Danik v. Housing Auth. of Baltimore City*, 396 F. App'x 15, at 16 (4th Cir. Sept. 15, 2010); *Agency Funding, LLC v. Fillweber*, 2011 WL 39085, at *1 (W.D. Va. Jan. 5, 2011); *Sanchez-Velazquez v. Municipality of Carolina*, 2012 WL 6726475, at *3 (D.P.R. Dec. 27, 2012).

Significantly, where a defendant is "improperly served, the district court lack[s] jurisdiction over that defendant whether or not it had actual notice of the lawsuit." *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). Thus, in *Cheeks v. Belmar*, 2019 WL 2568667 (E.D. Mo. June 21, 2019), the court held that, because the defendants had been improperly served, "the Court lacks personal jurisdiction over these defendants and, therefore, cannot address the merits of their motion to dismiss for failure to state a claim" under Rule 12(b)(6). *Id.* at *3; *see also Lambros v. United States*, 2020 WL 5505909, at *5 (D. Minn. July 20, 2020) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999))). The same principle applies here: The Court cannot require Myia to engage in a Rule 26(f) conference and to begin discovery when Myia has not been properly served and, therefore, the Court lacks personal jurisdiction over Myia. At a minimum, these threshold issues must be resolved by the Court before Myia is required to confer under Rule 26(f) and begin to engage in discovery. Accordingly, LST's Motion should be denied for this reason as well.

## Conclusion

For the foregoing reasons, and the reasons set forth in the Mercy Opposition, Myia respectfully requests that the Court deny LST's Motion.

Dated: January 26, 2022	Respectfully submitted,

By: */s/ Michelle D. Nasser*
Michelle D. Nasser # 68952 MO
Jeffrey R. Hoops # 69813 MO
**DOWD BENNETT LLP**
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
Telephone: 314-889-7300
Facsimile: 314-863-2111
mnasser@dowdbennett.com
jhoops@dowdbennett.com

Rajiv Dharnidharka (*pro hac vice*)
**DLA PIPER LLP**
2000 University Avenue
East Palo Alto, California 94303
Telephone: 650-833-2322
Facsimile: 650-687-9322
rajiv.dharnidharka@dlapiper.com

*Attorneys for Defendant Myia Labs, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022, the foregoing was filed electronically using the CM/ECF system which will automatically provide notice to all attorneys of record by electronic means.

/s/ Michelle D. Nasser