UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MERCY HEALTH, et al, )<br>)<br>    Defendants. ) | Case No. 4:21-cv-01279-SEP |

**<u>Memorandum and Order</u>**

    Before the Court is Plaintiff's Motion for Leave to File Under Seal, filed pursuant to E.D. Mo. Local Rule 13.05(A)(4), which establishes procedures for filing sealed documents. Doc. [2]. In its Motion for Leave, Plaintiff requests that three exhibits to its complaint be filed under seal. The exhibits are agreements between Plaintiff and Mercy Health entities, including a Mutual Non-Disclosure Agreement (filed as Ex. 1 to the Complaint, Doc. [3-1]); a Master Agreement for Software as a Service (filed as Ex. 2, Doc. [3-2]); and a Professional Master Services Agreement (filed as Ex. 3, Doc. [3-3]) (collectively, the Exhibits). The time for filing of responses to the Motion has expired, with no response having been filed.

    "Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). 'The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and

1


balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides *compelling* reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)) (emphasis added).

Plaintiff's Motion for Leave is supported by a sealed Memorandum of Law (Doc. [3]) that sets forth the reasons why Plaintiff's Exhibits should be filed under seal. Plaintiff argues that the Exhibits contain confidential and competitively sensitive information that would harm its business interests if made public. It further argues that it is prohibited from filing even a redacted version of the agreements, because each of the Exhibits[1] contains a confidentiality provision prohibiting the parties from disclosing the existence of the agreements, much less any information contained therein.

Plaintiff argues that its interest in sealing the Exhibits outweighs the public's common-law right of access under *IDT Corp.*, 709 F.3d at 1222. Plaintiff's memorandum states that the documents include "confidential and competitively-sensitive information regarding LST's commercial dealings with certain Defendants," and there is no "showing that the facts and claims at issue concern are [sic] of import to the general public." Doc. [3] at 3. To the extent that the Exhibits contain competitively sensitive information, the Court agrees that Plaintiff has offered what would seem a compelling reason to maintain the secrecy of such information. *See IDT Corp.*, 709 F.3d at 1224 (A business has a strong interest in preserving the confidentiality of its competitively sensitive information.).[2] However, the Court is not persuaded that the entirety of each Exhibit must be filed under seal.

The Court recognizes that confidential information may be so embedded in a pleading that line-by-line redaction is impossible, *see In re Search Warrant for Secretarial Area Outside Office of Gunn,* 855 F.2d 569, 574 (8th Cir.1988), or redaction might be insufficient to protect

---

[1] The Court notes that its review of the Exhibits reveals that while the Master Agreement for Software as a Service and the Professional Master Services Agreement do contain such a provision, the Mutual Non-Disclosure Agreement does not contain any provision stating that the existence of the agreement is confidential.

[2] The Court believes that Plaintiff is in the best position to determine precisely what information in the Exhibits is competitively sensitive, so it will allow Plaintiff to submit redacted versions of the Exhibits, along with an accompanying motion to seal and memorandum of law explaining why the proposed redactions are appropriate for sealing.

the interests that justify sealing, *see Goff v. Graves,* 362 F.3d 543, 550 (8th Cir. 2004). However, having reviewed the agreements at issue here, the Court does not find that to be the case in this matter.  Indeed, the Court can think of no reason that the very existence of an agreement should be kept confidential aside from a desire on the part of the parties thereto to conceal the existence or nature of the relationship between the parties.  Meanwhile, in this case Plaintiff has already described, in its publicly filed Complaint, the nature of its relationship with Mercy and the general contours of the agreements at issue.[3]   *See* Doc. [1] ¶¶ 30, 36-41 (disclosing the existence of the Mutual Non-Disclosure Agreement and the general nature of the parties' agreement); ¶¶ 42-47 (disclosing the existence of the Master Agreement for Software as a Service and providing general nature of the parties' agreement); and ¶¶ 48-54 (disclosing the existence of the Professional Master Services Agreement and the general nature of the parties' agreement).  Furthermore, in light of the "long-standing presumption of public access to litigation in the courts, a private party's desire to maintain confidentiality does not work to bind the Court."  *CAA Sports, LLC. v. Dogra*, 2018 WL 6696622 at *1 (E.D. Mo. Dec. 20, 2018). Therefore, the parties' desire, as expressed in the agreements, to keep the existence of the contracts confidential, does not compel this Court to deem necessary the sealing of the Exhibits in their entirety.  Therefore, the Court finds that that the parties' interest in maintaining the confidentiality of the entirety of each Exhibit is outweighed by the public's interest in viewing the Court record.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Under Seal, Doc. [2], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days from the date of this order to file on the public docket, in accordance with E.D. Mo. Local Rule 13.05, an unsealed Motion for Sealing, describing generally the specific portions of the Exhibits sought to be filed under seal, the legal grounds for the sealing, and the requested duration for sealing, accompanied by a sealed Memorandum Supporting Sealing.  Plaintiff must also file redacted versions of each agreement, which must be filed on the public docket.

---

[3] By stating that Plaintiff has described in its Complaint the general contours of the agreements at issue, the Court wishes to be clear that it is *not* stating that Plaintiff has revealed on the public docket any of its trade secrets or other competitively sensitive business information contained in the Exhibits.

3

**IT IS FINALLY ORDERED** that the Exhibits shall remain sealed for fourteen (14) days from the date of this order. If Plaintiff does not file redacted versions of the Exhibits as directed in this order, they will be unsealed after the expiration of the fourteen days.

Dated this 11th day of April, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE