**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:21-cv-01279-SEP |
| ) | |
| v. ) | |
| ) | |
| MERCY HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

**JOINT MEMORANDUM REGARDING DISCOVERY DISPUTE**

Plaintiff LST and Defendant Myia dispute whether Myia should be required to produce ESI for two additional custodians, Bill Abeln and Tara Parsons, that are beyond the seven custodians provided for in the Stipulated ESI Protocol. Pursuant to Local Rule 3.04, the parties conferred in good faith by telephone and email but were unable to reach an agreement.

**LST's Position:**

Pursuant to Section 5(B) of the Stipulated ESI Protocol (Dkt. 124), LST initially selected seven Myia custodians based upon witnesses identified in Myia's initial disclosures and response to LST interrogatory No. 4 which requested identification of individuals "who served in a development, technical, supervisory, leadership, or decision-making role in connection with the development by Myia Labs, Inc. of a virtual patient care system for Mercy Health." In response to LST's custodian identification, Myia noted that it had deleted the email accounts of four of the custodians and therefore "Myia has limited or no email data" for them. In light of the deleted email accounts, Myia produced ESI for two additional custodians (the two remaining witnesses identified in Myia's initial disclosures and interrogatory responses).

In the course of reviewing documents and communications produced through other Myia custodians, LST discovered that Mr. Abeln and Ms. Parsons accessed LST's platform, took video

1

recordings and screenshots of the platform, then shared those screenshots and recordings with others on the Myia team while Myia was developing its platform for Mercy.  For example, in one Slack message thread, Simon MacGibbon requests "the video(s)" on how readings are taken in LST" that Mr. Abeln and Ms. Parsons "took [a] few weeks back." Myia 176188. Likewise, in another message thread, Mr. Abeln states to the Myia team that he has "a bunch of screen shots and videos" of LST's tablet. Myia 29917. Similar message threads establish that Ms. Parsons communicated with the Myia team about features that existed in LST and were added to the Myia platform for "feature parity." Myia 176561. Despite Mr. Abeln and Ms. Parsons' clear involvement in the matters that are at the core of this dispute, neither was identified in Myia's initial disclosures or in response to Interrogatory No. 4.  Nevertheless, given Mr. Abeln and Ms. Parson's access and capture of LST's system, good cause exists to add these witnesses as additional ESI custodians under the ESI Stipulation Protocol. A search of Ms. Parsons and Mr. Abeln's ESI is particularly warranted in light of the fact that Myia deleted four other custodians' email data and therefore Myia cannot state that Ms. Parsons and Mr. Abeln's communications would have already been produced by other custodians.  As just one example, LST has been unable to locate the videos referenced in Myia 176188 in Myia's existing productions.

**Myia's Position:**

LST has not justified its request that Myia undertake the burden and expense of collecting, reviewing, and producing documents from the two additional custodians they have requested. Under the agreed-upon ESI Protocol entered by the Court, each party was to identify up to **seven** custodians from which to collect custodial and communications ESI. ECF No. 124 at 12. In Myia's case, it has already voluntarily produced ESI from **nine** custodians. These nine were agreed upon through a good-faith compromise between LST and Myia given the lack of accessible email ESI

2

for four of LST's requested custodians.[1] Thus, Myia has already produced ESI from more custodians than any other party in the case.

Moreover, LST has not satisfied its burden to demonstrate that good cause exists for Myia to collect, review, and produce documents from the two additional requested custodians. These two custodians, Bill Abeln and Tara Parsons, were not involved in the design or development of Myia's platform (which is why Myia rightfully did not identify them in its interrogatory responses or in its Rule 26(a) disclosures). Mr. Abeln, who was a practicing nurse (not a designer, product manager, or engineer), was responsible for managing customer relations between Myia and Mercy. Ms. Parsons was responsible for internal support staff training and helping to escalate and investigate support tickets. Due to the nature of their roles and the timing of their employment relative to the maturity of Myia's product, Mr. Abeln and Ms. Parsons were not involved in the development or design of Myia's platform. Thus, it is exceedingly unlikely that they have relevant documents beyond what was already captured in ESI produced from the other Mercy and Myia custodians. To the extent they provided feedback or input to Myia's designers or engineers, those communications would already be captured in the communications and documents Myia has collected from those custodians. Indeed, Myia0000029915, which LST cites, is just such an example of Mr. Abeln sharing screenshots and other information with Myia's designers.[2]

Accordingly, Myia respectfully submits that the Court should deny LST's request.[3]

---

[1] Although Myia did not have accessible email for these four custodians, it did have Slack instant message ESI for these four custodians, which it collected, reviewed, and produced.

[2] Regarding the videos referenced in Myia0000176188 that LST states it has been unable to locate, LST has not previously raised this issue with Myia, but Myia is investigating to determine whether these videos have been produced.

[3] To the extent Myia is required to produce additional ESI from these custodians, Myia requests that LST be required to bear some or all of the associated costs.  *See* ECF No. 124 at 12 ("Cost-shifting may be considered as part of any such request.").

3

Dated:  November 20, 2023

**STINSON LLP**

*/s/ B. Scott Eidson*
Scott Eidson, #57757
Nicci Warr, #59975
Julie Scheipeter, #65978
Timothy D. Krieger, #57823MO
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone (314) 863-0800
Facsimile (314) 863-9388
scott.eidson@stinson.com
nicci.warr@stinson.com
julie.scheipeter@stinson.com
timothy.krieger@stinson.com

Jeffrey J. Goulder (*pro hac vice*)
1850 N. Central Ave., Suite 2100
Phoenix, AZ 85004
Telephone (602) 279-1600
Facsimile (602) 240-6925
jeffrey.goulder@stinson.com

Judith Araujo (*pro hac vice*)
1050 17th St., Suite 2400
Denver, CO 80265
Telephone (720) 728-7650
Facsimile (720) 728-7649
judith.araujo@stinson.com

***Attorneys for Plaintiff LifeScience Technologies, LLC***

Respectfully submitted,

**DOWD BENNETT LLP**

*/s/ Michelle D. Nasser (with consent)*
Michelle D. Nasser, #68952(MO)
Jeffrey R. Hoops, #69813(MO)
Rebecca R. McLaughlin #71969(MO)
**DOWD BENNETT LLP**
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone (314) 889-7300
Facsimile (314) 863-2111
mnasser@dowdbennett.com
jhoops@dowdbennett.com

Rajiv Dharnidharka (*pro hac vice*)
**DLA PIPER LLP**
2000 University Ave.
East Palo Alto, CA 94303
Telephone (650) 833-2322
Facsimile (650) 687-9322
rajiv.dharnidharka@dlapiper.com

***Attorneys for Defendant Myia Labs, Inc.***

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was forwarded to all attorneys of record via the Court's electronic filing system this 20th day of November, 2023.

                                            By: *B. Scott Eidson*
                                            **Attorney for Plaintiff**
                                            **LifeScience Technologies, LLC**