**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:21-cv-01279-SEP |
| | ) | |
| v. | ) | |
| | ) | |
| MERCY HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MEMORANDUM REGARDING LST EXPANDING RULE 30(b)(6) NOTICE**

Plaintiff LST and Defendant Mercy dispute whether LST may add topics to its Rule 30(b)(6) notice to Mercy relating to whether Myia took reasonable steps to protect Myia's trade secrets. Pursuant to Local Rule 3.04, the parties conferred in good faith by telephone and email but were unable to reach an agreement.

**LST's Position:**

LST first served its Rule 30(b)(6) deposition notice in August. For weeks, Mercy's position was that it need not disclose its Rule 30(b)(6) witnesses, nor identify the topics each witness will testify, until the commencement of the deposition. Eventually Mercy identified two witnesses (Drs. Helton and Hunyh). It was not until this week—after reviewing the first draft of this discovery dispute memorandum—that Mercy would commit to identifying the topics its witnesses will provide testimony for in advance of the deposition, which it committed to do by November 22. However, now Mercy refuses to produce a corporate representative to testify regarding three noticed topics pertaining to Myia's counterclaim. Shortly after the counterclaim was filed, LST notified Mercy that it would add additional topics to its corporate deposition notice directed to Myia's new counterclaim—which contains allegations contending, among other things, Mercy took certain protective measures related to Myia's claimed secrets. *See, e.g.,* Dkt. 169 ¶

1

55. Whether Myia, and third parties like Mercy who received alleged trade secrets, took reasonable measures to protect the information is a fundamental element of Myia's trade secret claim. *See, e.g.,* 18 U.S.C. § 1839 (defining a trade secret as information that the owner "has taken reasonable measures to keep secret"). Shortly after the parties agreed on deposition dates, LST served its amended notice with three new topics seeking information directed to Myia's new claims. *See* Ex. A (LST's amended notice). With the Mercy corporate deposition set to begin in 13 days (November 29), Mercy (1) maintains its refusal to produce a witness to testify about the new topics (Ex. A, topics 13, 14, and 15) and (2) has not indicated it will pursue a protective order pertaining to the same. LST requests that Mercy be required to designate, and prepare, a corporate representative(s) to testify about the additional topics related to Myia's new counterclaim as the claim relies, in part, on purported steps taken by Mercy to maintain the confidentiality of Myia's alleged trade secrets (see Dkt. 169, ¶ 55).[1]

**Mercy's Position:**

LST asserts that Mercy somehow did something wrong by taking the high-road, identifying its Rule 30(b)(6) designees many weeks ago, and gratuitously agreeing to identify specific topics to be covered by each designee one to two weeks in advance – despite there being no such obligation. Rule 30(b)(6) contains no such disclosure requirement, and Mercy has done nothing improper. *See, e.g.,* Roca Labs, Inc. v. Consumer Opinion Corp., No. 8:14-CV-2096-T-

---

[1] LST seeks this discovery now and reserves its right to seek additional discovery from Defendants related to Myia's counterclaims should the Court: (1) issue a modified scheduling order, (2) order Myia to make a trade secret disclosure as LST was required to do, and (3) compel a source code inspection.

Mercy's statement that LST refused to produce a witness to testify about 15 of Mercy's 27 corporate topics is not correct. *See* Litigation Funding Dispute Memo (filed this same day). And Mercy's refusal to identify the corporate designee for the topics frustrated LST's ability to determine how to allocate its limited depositions and to properly prepare for all depositions.

33EAJ, 2015 WL 12844307, at *2 (M.D. Fla. May 29, 2015) ("[T]he identity of Defendants' corporate representatives is not relevant and Defendants are not required to identify their Rule 30(b)(6) witnesses prior to deposition.").  An entity need only designate persons to testify about information *known or reasonably available to the entity* – indeed the designee(s) need not even be an employee of the entity.  Nor is there any requirement that a party disclose, topic-by-topic, what each designee will cover.  And, regardless, Mercy mooted this issue by agreeing to identify the designees and topics.[2]

The dispute regarding the scope of permissible additional discovery concerning Myia's newly asserted counterclaim – and whether LST may obtain additional discovery from Mercy, was raised and remains pending in the parties Joint Proposed Case Management Order (ECF #187, Section 2.C.).  The parties have not agreed to LST's attempt to add new Topics to its August 24, 2023 Rule 30(b)(6) Notice to Mercy.  Myia's misappropriation of trade secrets claim is between Myia and LST – it is not with Mercy.  Further, LST argues that it seeks to depose Mercy to determine whether Myia took reasonable measures to protect Myia's trade secrets.  LST should look to Myia, not Mercy, as to the measures Myia took to protect its trade secrets.  LST possesses Myia's agreements regarding Myia's intellectual property, and LST can depose and serve discovery on Myia regarding this issue.  There is no justification to extend or expand discovery on this issue to encompass Mercy.

---

[2]    It is worth noting that LST complains about Mercy while LST contemporaneously refused to produce a Rule 30(b)(6) witness to testify on fifteen Rule 30(b)(6) topics Mercy served on LST months ago, and LST did not reverse its position until November 17th after Mercy sent LST a draft Joint Memo to raise the issue with the Court.

Dated:  November 20, 2023

Respectfully submitted,

**STINSON LLP**

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ B. Scott Eidson*
Scott Eidson, #57757
Nicci Warr, #59975
Julie Scheipeter, #65978
Timothy Krieger, #57823
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
Telephone (314) 863-0800
Facsimile (314) 863-9388
scott.eidson@stinson.com
nicci.warr@stinson.com
julie.scheipeter@stinson.com
timothy.krieger@stinson.com

*/s/ David A. Roodman (with consent)*
David A. Roodman, # 38109 MO
Mark S. Deiermann, # 31521 MO
Jason Meyer, # 64030 MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
daroodman@bclplaw.com
msdeiermann@bclplaw.com
Jason.meyer@bclplaw.com

***Attorneys for Mercy Health and Mercy ACO Clinical Services***

Jeffrey J. Goulder (*pro hac vice*)
1850 N. Central Ave., Suite 2100
Phoenix, AZ 85004
Telephone (602) 279-1600
Facsimile (602) 240-6925
jeffrey.goulder@stinson.com

Judith Araujo (*pro hac vice*)
1050 17th St., Suite 2400
Denver, CO 80265
Telephone (720) 728-7650
Facsimile (720) 728-7649
judith.araujo@stinson.com

***Attorneys for Plaintiff LifeScience Technologies, LLC***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was forwarded to all attorneys of record via the Court's electronic filing system this 20th day of November, 2023.

By: *B. Scott Eidson*
**Attorney for Plaintiff**
**LifeScience Technologies, LLC**