IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) Case No. 4:21-cv-01279-SEP |
| v. | ) |
| MERCY HEALTH, et al., | ) |
| Defendants. | ) |

**JOINT MEMORANDUM REGARDING LST'S REFUSAL TO
PERMIT A WITNESS TO TESTIFY REGARDING LITIGATION FUNDING**

Defendant Mercy and Plaintiff LST have the following dispute regarding Plaintiff LST's refusal to produce a witness to testify regarding facts regarding LST's litigation funder. Pursuant to Local Rule 3.04, the parties conferred in good faith by telephone and email but were unable to reach an agreement.

**Mercy's Position:** Mercy served LST with a Rule 30(b)(6) Notice on September 1, 2023. LST repeatedly refused to produce a witness for fifteen of the noticed topics (2, 3, 5, 8, 10-12, 15-16, 18, 20-22, 26 & 27), and facing the risk of this Joint Memorandum, on November 17, 2023, capitulated with respect to twelve of the fifteen topics. As for the remaining three topics, 20-22 (relating to facts regarding LST's litigation funder), LST's counsel indicated that while LST now agrees to produce a witness on topics 20-22, its counsel will instruct the witness not to answer questions in the same manner and to the same extent that it did during LST's fact witness depositions. (*See* ECF 161, Exs. A & B). During such depositions, LST's counsel instructed LST witnesses not to answer a number of factual questions and topics regarding the litigation funder. Mercy believes that such instructions are improper. Further, Mercy states that this dispute is inextricably intertwined with the pending Joint Memorandum regarding litigation funding and that

1

the Court should address this dispute along with the issues raised in that Joint Memorandum. (ECF 162).

LST now argues that this dispute is not ripe because "no questions have yet been asked of any LST corporate witness" and "presenting a witness on privileged topics was not a good use of any party's time." This is the opposite position LST is taking with respect to the litigation funding dispute already presented to this Court, where LST argues that "[r]ather than seek a court ruling early to resolve the issue before discovery proceeded to depositions, Defendants wasted time and money asking questions about litigat[ion] funding in depositions." [Doc. 166 at 2].  Apparently, according to LST, there is never an appropriate time to raise this issue.  LST's refusal to allow a 30(b)(6) witness to testify on discoverable topics is ripe for the Court's consideration.

**LST's Position:**

The issue of whether and to what extent questions about litigation funding are (1) relevant and (2) protected by the attorney-client privilege or work-product doctrine will be decided by this Court shortly.  It is not clear what Mercy is asking the Court to order, particularly since all parties agree that the Court's determination on the privilege issue as it applies to the depositions already taken will inform the scope of permissible questions and invocations of privilege.   LST does not believe there is a ripe dispute for the Court given the imminent direction from the Court on the litigation funding issue and the fact that no questions have yet been asked of any LST corporate witness.[1]

Despite the lack of a ripe dispute, LST is obliged to correct the record with regard to

---

[1] LST's position is not that there is no correct time to bring a challenge to privilege designations. LST's position is that, because Mercy waited to bring the challenge until after taking the depositions of all of the LST witnesses (despite knowing LST' position on the issue for a long period of time), there is no need to burden the Court with another issue that will likely be mooted by the Court's direction on the issue that is already currently pending.

2

Mercy's statements. LST did not refuse to produce a witness to testify about 15 of Mercy's 27 identified topics. Rather, LST indicated that, for many of the topics, it would be more efficient to designate testimony (either in whole or in part) since Mercy has already deposed all of the principles and relevant employees of LST (a small company). And for the three topics that cover litigation funding, LST noted that the questions are generally privileged, and presenting a witness on privileged topics was not a good use of any party's time. What is more, LST provided not only the identity of its corporate representatives, but the topics about which each was expected to testify almost two months ago. LST only dropped its proposals to streamline the litigation after it became clear Mercy would not agree to any mechanisms proposed by LST and that resolving the resulting dispute would create more work for the parties.

There is simply no reason for the Court to provide guidance at this point about an inchoate disagreement. If any dispute about exact questions asked of a corporate representative remains after the Court's direction on the relevance and privilege issues as they relate to litigation funding, the parties can bring that issue to the Court at that time, when the dispute will be concrete and ripe for determination.

3

| | |
|---|---|
| Dated: November 20, 2023 | Respectfully submitted, |
| **STINSON LLP** | **BRYAN CAVE LEIGHTON PAISNER LLP** |
| */s/ Nicci Warr* | */s/ Jason Meyer* |
| Scott Eidson, #57757 | David A. Roodman, # 38109 MO |
| Nicci Warr, #59975 | Mark S. Deiermann, # 31521 MO |
| Julie Scheipeter, #65978 | Jason Meyer, # 64030 MO |
| Timothy Krieger, #57823 | 211 North Broadway, Suite 3600 |
| 7700 Forsyth Blvd., Suite 1100 | St. Louis, Missouri 63102 |
| St. Louis, MO 63105 | Tel: (314) 259-2000 |
| Telephone (314) 863-0800 | Fax: (314) 259-2020 |
| Facsimile (314) 863-9388 | daroodman@bclplaw.com |
| scott.eidson@stinson.com | msdeiermann@bclplaw.com |
| nicci.warr@stinson.com | Jason.meyer@bclplaw.com |
| julie.scheipeter@stinson.com | |
| timothy.krieger@stinson.com | ***Attorneys for Mercy Health and Mercy ACO Clinical Services*** |

Jeffrey J. Goulder (*pro hac vice*)
1850 N. Central Ave., Suite 2100
Phoenix, AZ 85004
Telephone (602) 279-1600
Facsimile (602) 240-6925
jeffrey.goulder@stinson.com

Judith Araujo (*pro hac vice*)
1050 17th St., Suite 2400
Denver, CO 80265
Telephone (720) 728-7650
Facsimile (720) 728-7649
judith.araujo@stinson.com

***Attorneys for Plaintiff LifeScience Technologies, LLC***