UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC ) | |
| ) | |
| Plaintiff / Counterclaim Defendant, ) | Case No. 4:21-cv-01279-SEP |
| ) | |
| v. ) | |
| ) | |
| MERCY HEALTH, et al. ) | |
| ) | |
| Defendants / Counterclaim Plaintiffs. ) | |

**FIFTH AMENDED CASE MANAGEMENT ORDER- TRACK 3: COMPLEX**

On September 26, 2023, the Court granted Myia's Motion for Leave to Amend its Answer and Counterclaim and ordered the parties to file a new joint scheduling plan accounting for any additional discovery and/or other changes to the schedule needed in light of Myia's Amended Counterclaim. *See* Doc. [168]. Having considered the parties' proposed dates, the Fourth Amended Case Management Order is supplemented and amended in the following manner. All other provisions in the Fourth Amended Case Management Order remain in effect to the extent they do not conflict with the below.

A. Fact Discovery.

1. Except as set forth herein to complete specific pending discovery, there shall be no written or other discovery on LST's claims or Mercy and Myia's abuse-of-process counterclaims. Nothing herein shall prohibit the parties from pursuing outstanding, incomplete, or deficient discovery, subject to and in accordance with the Federal and Local Rules and this Court's rules, orders, and deadlines.

2. Except as set forth herein to complete specific pending discovery, no new depositions shall be noticed or taken with respect to LST's claims or Mercy and Myia's abuse-ofprocess counterclaims. For the avoidance of doubt, the parties may take the following depositions that were previously noticed prior to October 2, 2023: the 30(b)(6) deposition of

Mercy only on the noticed topics; the 30(b)(6) deposition of LST only on the noticed topics; and the third party deposition of Vance Moore.

       3.     All production of documents responsive to requests for production served before October 2, 2023, shall be complete by **November 17, 2023**.

       4.     All responses to contention interrogatories served before October 2, 2023, or supplements thereto, shall be served by **December 1, 2023**. This provision does not change or extend the deadlines on any outstanding discovery deadlines.

       5.     Subject to the deadlines herein, the parties shall have until **December 8, 2023** to complete all fact discovery.

  B.     Mediation. Mediation shall be completed by no later than **December 29, 2023**.

  C.     Expert Disclosures. The parties shall disclose the information required under Rule 26(a)(2)(B) and produce expert reports by the deadlines set forth below:

       1.     Affirmative Expert Disclosures and Reports Due: With respect to any party asserting affirmative claims/counterclaims, such parties shall provide their initial expert disclosure and report by **December 20, 2023**.

       2.     Experts that Tender Reports under Section C.1. shall be Available for Deposition: No later than **January 26, 2024**.

       3.     Rebuttal Expert Disclosures and Reports Due: No later than **February 26,2024**.

       4.     Rebuttal Experts Available for Deposition: No later than **March 27, 2024**.

  D.     Dates for Filing Dispositive Motions.

       1.     Any motions to dismiss, for summary judgment, motions for judgment on the pleadings, or Daubert motions shall be filed no later than **April 19, 2024**.

      2.      Any response shall be filed no later than **May 20, 2024** (or 30 days following any such motion filed before April 19, 2024).

      3.      Any reply shall be filed no later than **June 6, 2024** (or 14 days following any such response filed before May 20, 2024).

E. Trial Date. This action is set for a **JURY** trial on **November 4, 2024**, at **09:00 AM**. **This is a four-week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice.**

F.  Myia's Trade Secret Disclosure:

By no later than **December 8, 2023**, Myia shall serve Plaintiff with an identification of each trade secret or other confidential, proprietary information that Myia alleges to have been improperly accessed, disclosed, used, and/or taken by Plaintiff. The alleged trade secrets and other confidential information shall be identified with reasonable particularity including by identifying: (i) the specific function, feature, documents, code, etc., being asserted as a trade secret or as confidential, as well as version, date, or other identifying information as applicable. Myia must also provide a description of how each alleged trade secret has derived independent, actual or potential economic value by virtue of not being generally known to the public (*i.e.* how each alleged trade secret differs from that which is publicly available, generally known, and used in the industry.)

G.  Additional Discovery.

Because limited additional discovery needs to be performed in connection with Myia's Amended Counterclaim, the parties shall be allowed to take up to an additional two (2) depositions per side and four (4) interrogatories per party. To be clear, Mercy is not exempt from this additional discovery.

Dated this 22nd day of November, 2023.

                                                    _____
                                                    SARAH E. PITLYK
                                                  UNITED STATES DISTRICT JUDGE