UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:21-cv-01279-SEP |
| ) | |
| MERCY HEALTH, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are numerous unopposed Motions for Leave to File Under Seal pursuant to E.D. Mo. Local Rule 13.05(A)(4), which establishes procedures for filing sealed documents. Throughout this litigation, the parties have sought to seal a significant number of docket filings. At issue in the instant motions are several documents that have been submitted by the parties in connection with multiple discovery disputes, as well as the briefing of dispositive motions and *Daubert* motions. For the reasons set forth below, Docs. [154], [179], [181], [222], [226], [230], [293], [349], [352], [356], [358], [364], [366], [371], [376], [379], [387], [405], [408], [413], [416], [419], [424], [427], [432], [434], [437], [441], and [444] are granted; Docs. [218], [235], and [253] are granted in part and denied in part; and Docs. [142], [173], [238], [258], [265], and [275] are denied.

**DISCUSSION**

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**I.   Motions that are being granted in full or in part**

The parties have submitted legal memoranda in support of each of the motions, and, while the reasons for sealing are varied in ways specific to the documents referenced in each

motion, the motions that are being granted generally state that the documents sought to be filed under seal contain highly sensitive, non-public business and financial information about matters such as proprietary data, trade secrets, software design specifications and features, confidential information about clients and investors, and other competitively sensitive information.  The parties argue that release of such information to the public domain, including to competitors and customers, would cause harm to their respective competitive positions and their legitimate economic interests.  The factual bases supporting each motion for leave to file under seal are set forth in various declarations describing the necessity of sealing.  Furthermore, the parties have filed redacted copies of the documents on the public docket, with redactions that the Court finds to be reasonable in scope and targeted at only information that is sensitive in nature.

Upon careful review of the documents at issue, the Court finds that the information the parties seek to file under seal in the successful motions is sensitive and the parties' need to maintain confidentiality in the material outweighs the public's right of access.  *See IDT Corp.*, 709 F.3d at 1224 (affirming the district court's decision to seal certain "confidential and competitively sensitive business information"); *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 2020 WL 4035548, at *2 (D. Minn. July 27, 2020) ("Unsealing documents containing confidential business operations communications would provide competitors with insight into how [the company makes] business decisions, which would give competitors the ability to make strategic decisions to negative impact [the company's] market share.").

With respect to the motions that are being granted in part and denied in part the partial denial is in most instances[1] because, upon further reflection, a party concluded that the information did not need to be sealed after all.  Plaintiff has also informed the Court that it does not have an interest in the continued sealing of Docs. [148-2], [148-5], [148-7], [148-8], [156-6], [223-1], and [259-1], and those documents will be ordered unsealed.

## II.     Motions that are being denied

For the remaining motions, the parties have provided legally inadequate reasons for sealing.  The deficient motions do not comply with Eastern District of Missouri Local Rule 13.05.  The proponent of sealing must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing."  E.D. Mo. L.R.

---

[1] For certain documents sealing is denied because the sole rationale offered was that the information had been designated as confidential, and, as discussed below, that is not a sufficient justification for sealing.

13.05(A)(4)(a), (b)(i).  The fact that information is designated confidential under a protective order is "relevant to, but not dispositive of," the Court's sealing decision.  *Id.* at 13.05(A)(3).

The parties' sole stated justification for sealing the information described in the unsuccessful motions is that such documents have been designated as confidential pursuant to the Protective Order in effect in this matter.  That is an insufficient rationale under Local Rule 13.05.  *CAA Sports, LLC. v. Dogra*, 2018 WL 6696622 at *1 (E.D. Mo. Dec. 20, 2018) (In light of the "long-standing presumption of public access to litigation in the courts, a private party's desire to maintain confidentiality does not work to bind the Court."). The parties' desire to keep the documents and information confidential does not, by itself, sealing something that has been filed on the court docket.  Therefore, on the record before the Court, the parties' interest in maintaining confidentiality is outweighed by the public's interest in viewing the Court record.

If any party does not want the materials unsealed, it must meet the legal standard for sealing.  No later than October 18, 2024, any party may file a motion for sealing that complies with Local Rule 13.05.  If no such motion is filed, the Court will order the Clerk to unseal Docs. [142], [173], [238], [258], [265], and [275] and their attachments.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Leave to File Under Seal, filed at Docs. [154], [179], [181], [222], [226], [230], [293], [349], [352], [356], [358], [364], [366], [371], [376], [379], [387], [405], [408], [413], [416], [419], [424], [427], [432], [434], [437], [441], and [444], are **GRANTED.**

**IT IS FURTHER ORDERED** that the Motions for Leave to File Under Seal, filed at Docs. [218], [235], and [253] are **GRANTED** in part and **DENIED** in part.  In particular, Doc. [218] is granted with respect to the following documents, which shall remain sealed:  Docs. [217-5], [217-7], [217-8], [217-9], [217-10], [217-11], [217-12], [217-16], [217-17], [217-20], [217-23], [217-26], [217-27], and [217-29].  The motion is denied with respect to the following documents, which shall be unsealed:  Docs. [217], [217-1], [217-2], [217-3], [217-4], [217-6], [217-13], [217-14], [217-15], [217-18], [217-19], [217-21], [217-22], [217-24], [217-25], and [217-28].  Doc. [235] is granted with respect to the following documents, which shall remain sealed:  Docs. [236-6], [236-10], [236-18], and [236-19].  All other documents referenced in the motion and docketed as exhibits to Doc. [236] shall be unsealed.  Doc. [253] is granted with respect to the following documents, which shall remain sealed:  Docs. [254-2] and [254-4].  All

3

other documents referenced in the motion and docketed as exhibits to Doc. [254] shall be unsealed.

      **IT IS FURTHER ORDERED** that Docs. [148-2], [148-5], [148-7], [148-8], [156-6], [223-1], and [259-1] be **unsealed as of today's date**.

      **IT IS FURTHER ORDERED** that the Motions for Leave to File Under Seal filed at Docs. [142], [173], [238], [258], [265], and [275] are **DENIED** without prejudice for failure to comply with E.D. Mo. L.R. 13.05.

      **IT IS FURTHER ORDERED** that any party may file a renewed motion for leave to file under seal no later than **October 18, 2024**.  Any motion that does not comply with E.D. Mo. L.R. 13.05 will be denied.

      Dated this 27th day of September, 2024.

                                                                           SARAH E. PITLYK  
                                                                           UNITED STATES DISTRICT JUDGE