## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LIFESCIENCE TECHNOLOGIES, LLC ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:21-cv-01279-SEP |
| ) | |
| MERCY HEALTH, et al, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court are numerous unopposed Motions for Leave to File Under Seal pursuant to E.D. Mo. Local Rule 13.05(A)(4), which establishes procedures for filing sealed documents. Throughout this litigation, the parties have sought to seal a significant number of docket filings. At issue in the instant motions are several documents that have been submitted by the parties in connection with discovery disputes, the briefing of dispositive motions, and *Daubert* motions. For the reasons set forth below, Docs. [451], [454], [458], [472], [474], [484], [486], [488], and [490] are granted.

### DISCUSSION

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The parties have submitted legal memoranda in support of each of the motions, and, while the reasons for sealing are varied in ways specific to the documents referenced in each motion, the motions generally state that the documents sought to be filed under seal contain highly sensitive, non-public business and financial information about such matters as proprietary data, trade secrets, software design specifications and features, confidential information about clients and investors, pricing information and fee calculations, and other competitively sensitive

information.  The parties argue that release of such information to the public domain, including to competitors and customers, would cause harm to their respective competitive positions and legitimate economic interests.  The factual bases supporting each motion for leave to file under seal are set forth in various declarations describing the necessity of sealing.  Furthermore, the parties have filed redacted copies of the documents on the public docket, with redactions that the Court finds reasonable in scope and limited to only information that is sensitive in nature.

Upon review of the documents at issue, the Court finds that the material the parties move to file under seal is sensitive and the parties' need to maintain confidentiality in the material outweighs the public's right of access.  *See IDT Corp.*, 709 F.3d at 1224 (affirming the district court's decision to seal certain "confidential and competitively sensitive business information"); *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 2020 WL 4035548, at *2 (D. Minn. July 27, 2020) ("Unsealing documents containing confidential business operations communications would provide competitors with insight into how [the company makes] business decisions, which would give competitors the ability to make strategic decisions to negative impact [the company's] market share.").

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Leave to File Under Seal, filed at Docs. [451], [454], [458], [472], [474], [484], [486], [488], and [490] are **GRANTED.**

Dated this 19th day of September, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE